# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **V.** : | **CRIMINAL NUMBER 17-210-1** |
| : | |
| **ERNESTO MARTINEZ-MACIAS** : | |

## DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

Ernesto Martinez-Macias submits this supplemental sentencing memorandum in response to the government's sentencing memorandum in which it requests the Court impose a sentence at the top of the sentencing guideline range. In its memorandum, the government grossly misstates the applicable guideline range to be 24 to 30 months' incarceration. Government Memorandum, page 8. Elsewhere, it states the correct guideline range of 0 to 6 months. *Id*., 1, 4, 11. For the reasons stated in Mr. Martinez-Macias' original sentencing memorandum, as well as the responses herein, a sentence above time-served is greater than necessary to meet the statutory objectives set forth in 18 U.S.C. § 3553(a).

By the time of sentencing on June 27, 2017, Mr. Martinez-Macias will have been in custody 111 days, or just shy of four months' incarceration. As such, the sole issue before this Court is whether sentencing Mr. Martinez-Macias to an additional 69 days incarceration (for a total of 180 days) will serve any purpose under § 3553(a). The defense submits that it will not.

Mr. Martinez-Macias has been in custody since his arrest on March 8, 2017. He was one of several passengers in a vehicle pulled over in Berks County. PSR ¶ 10. Before his arrest, Mr. Martinez-Macias had been staying with his sister in Atlanta where he worked for several months.

Because he sent any money he earned to his family, he chose to catch a ride to California with an individual, rather than purchase a plane or bus ticket. That individual was first traveling to New York before driving to California. That was the sole reason Mr. Martinez-Macias was arrested in the Eastern District of Pennsylvania. And in response to the government's question on page 7 of its memorandum, "What was he really doing in Philadelphia?" He was not in Philadelphia. He was arrested in Berks County according to the government-provided discovery. Mr. Martinez-Macias was getting a ride; nothing more.

The defense does not overlook the fact that Mr. Martinez-Macias has prior criminal convictions. Those convictions are outlined in ¶¶ 27-31 of the PSR. He was sentenced for those cases and served the appropriate time. With an immigration detainer, Mr. Martinez-Macias will not be released to the community after he serves this Court's sentence. He will be transferred to the custody of the Bureau of Immigration and Customs Enforcement and detained until he is deported to Mexico. As such, a sentence of time served will protect the public from future crimes of the defendant under 18 U.S.C. § 3553(a)(2)(C).

Nor does the defense overlook that Mr. Martinez-Macias has reentered the country on three occasions, and acknowledges that the government is asking the Court to sentence Mr. Martinez-Macias to 69 additional days' incarceration to deter him from reentering in the future. However, it is unclear how individual deterrence will be accomplished through 69 additional days of incarceration, which will cost approximately $6,072 or $88 per day. PSR ¶ 70. Indeed a within-guidelines sentence of time-served, with a period of supervised release to follow, will sufficiently deter Mr. Martinez-Macias from reentering the United States. In the event he did reenter while under this Court's supervision, he will face new criminal charges in addition to a sentence imposed by this Court for violating the conditions of supervision. Surely that will deter

Mr. Martinez-Macias from reentering the United States, rendering an additional 69 days' incarceration unnecessary.  18 U.S.C. § 3553(a).

As for general deterrence, the government cites an eighteen-year-old case from the Tenth Circuit which the purpose of 8 U.S.C. § 1326.  Government's Memorandum, pp. 9-10.  The government ignores the fact that the illegal reentry guidelines have been modified several times since that case was decided.  It can be assumed that Congress and the Sentencing Commission considered the types of concerns the Tenth Circuit raised in that case.   Obviously, extensive research and debate predicated each careful revision of § 2L1.2.

What the government does not address, however, is how sentencing Mr. Martinez-Macias to 69 additional days of incarceration will deter any of the thousands of individuals who illegally enter the United States for a host of reasons.  People risk their lives to cross the border in order to escape hunger, poverty, and extreme violence.  It is incredible to think these individuals would even know that Mr. Martinez-Macias received an extra 69 days incarceration, and even more incredible to think that anyone would abandon their plans based on that sentence.

Lastly, the government dishearteningly questions whether Mr. Martinez-Macias' children will miss him or whether he is indeed heartbroken about not seeing them as much after he is deported.  Government's Memorandum, p. 7.  It is unknown how the government's attorney is in any position to question a man's feelings about being separated from his children, let alone the children's feelings about their father being deported to another country.  Defense counsel is confident that this Court, after reviewing the letter from Mr. Martinez-Macias' daughter and hearing allocution, will place appropriate weight on such sensitive and personal matters.

For all the reasons cited herein, as well as those submitted in Mr. Martinez-Macias' original sentencing memorandum, and which become apparent to the Court at the sentencing hearing, Mr. Martinez-Macias respectfully requests this Court impose a sentence of time-served.

                Respectfully submitted,

                */s/ Nancy MacEoin*
                NANCY MacEOIN
                Assistant Federal Defender

## **CERTIFICATE OF SERVICE**

I, Nancy MacEoin, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of the Defendant's Supplemental Sentencing Memorandum, by electronic notification or hand delivery to his office, upon James A. Petkun, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

*/s/ Nancy MacEoin*
NANCY MacEOIN
Assistant Federal Defender

DATE:        June 22, 2017